UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-048 |
| | ) | (VARLAN/SHIRLEY) |
| PORFIRIO ROJAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties appeared before the Court on September 2, 2008, for a hearing on the Motion to Withdraw as Counsel of Record **[Doc. 107-2]** filed on August 6, 2008, by Kelly J. Johnson, appointed attorney for Defendant Porfirio Rojas. Assistant United States Attorney Tracee Plowell appeared on behalf of the Government. Mr. Johnson appeared for the Defendant, who was also present.

At the hearing, Mr. Johnson explained that he believed he had a conflict in representing the Defendant because he has represented and counseled other defendants in this case. Prior to this case, Mr. Johnson was retained by Miguel Medina Martinez, a co-defendant in this matter, to represent Defendant Martinez and Los Arcos restaurant in a civil breach of contract action. In addition, Mr. Johnson has counselled Edwin Morales, another co-defendant in this action, regarding the legal of certain traffic violations and/or crimes on Defendant Morales's immigration status. Mr. Johnson also retrieved articles of Defendant Morales's personal property from the Knox County Detention Center. These articles included a cell phone that may have been the subject of

1

a wiretap attained as part of the investigation underlying this case.

Counsel for Defendant Morales has informed Mr. Johnson that counsel will object to an attempt by Mr. Johnson to cross-examine Defendant Morales on behalf of Defendant Rojas. Thus, Mr. Johnson's prior interaction with co-defendants in this case will actually conflict with Defendant Rojas's interests. In addition, Mr. Johnson stated that he has presented the facts of the present situation to the Board of Professional Responsibility, which advised him that it would be appropriate to withdraw from further representation of Defendant Rojas.

Mr. Johnson stated that the Defendant had been notified of the conflict. Mr. Johnson testified that the Defendant spoke and understood English well and that the use of an interpreter at the present hearing was out of an abundance of caution. Mr. Johnson testified that he had discussed the conflict at length with the Defendant, and Mr. Johnson believed the Defendant understood the nature of the conflict. The Government stated it was aware of the conflict, confirmed the existence of an actual conflict, and agreed with Mr. Johnson's position. Mr. Johnson said he believed it would be in the Defendant's best interest that a new attorney be appointed at this time. The Defendant stated, in court, that he agreed to the withdrawal of Mr. Johnson and the appointment of a new attorney.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware

of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

Based upon the above facts and statements, the Court finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel of Record **[Doc. 107-2]**, and the same is **GRANTED**. Mr. Johnson is relieved as counsel for the Defendant except as to his obligation to turn over any discovery he attained while representing the Defendant.

Attorney Chris Irwin was present at the hearing and agreed to represent the Defendant. The Defendant agreed to Mr. Irwin representing him in this matter. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Irwin under the Civil Justice Act (CJA) as counsel of record for the Defendant.

The Court advised Mr. Irwin of the Motion Hearing scheduled for September 11, 2008. The Court explained that a plethora of motions would be taken up at that hearing and advised Mr. Irwin to review these motions and determine whether the Defendant would join in any of the pending motions. Mr. Irwin acknowledged that he was aware of the motion hearing, and he expressed no present issue. Mr. Irwin also acknowledged that the pretrial conference is currently

scheduled for November 20, 2008 at 10:00 a.m. and the trial date is January 5, 2009.  Mr. Irwin confirmed that he did not have a present issue with either of these dates.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge