IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-48 |
| | ) | |
| DANNON COLE, | ) | (VARLAN/SHIRLEY) |
| PORFIRIO ROJAS, | ) | |
| SAUL MORENO, and | ) | |
| MIGUEL MEDINA MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause is before the court on the defendants' pending non-evidentiary motions. The parties came before the undersigned for an arraignment on the Second Superseding Indictment and motion hearing on September 11, 2008. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. The defendants, some of whom were aided by interpreters, appeared with counsel as follows: Dannon Cole represented by Attorney Charles C. Burk, Jr., Porfirio Rojas represented by Attorney Christopher Scott Irwin, Saul Moreno represented by Attorney Gerald L. Gulley, Jr., and Miguel Medina Martinez represented by Attorney Randall E. Reagan. Following the defendants' arraignment on the Second Superceding Indictment, the Court heard oral argument on the pending, nonevidentiary motions.

On November 3, 2008, the Court held a second motion hearing and an evidentiary hearing on Defendant Martinez's suppression motion. AUSA Plowell again represented the government.

1

Attorney Reagan represented Defendant Martinez. Attorney Burk appeared on behalf of Defendant Cole. Attorney Irwin represented Defendant Rojas. Attorney Richard L. Gaines, who represents Defendant Edwin Morales, appeared as the discovery liaison in the case. The Court heard reports from counsel on the pending motions for bills of particulars and then heard evidence and argument on Defendant Martinez's suppression issues.

On November 20, 2008, the parties appeared for a scheduled pretrial conference[1] and to take up the matter of the pending trial date. AUSA Plowell appeared on behalf of the government. All of the defense attorneys were present. The defendants were also present, except for Defendant Cole, who was excused from the hearing. Attorneys Burk, Reagan, and Irwin agreed to give a status report on the motions for bills of particulars at the reopened suppression hearing. The trial was continued to March 23, 2009.

The parties appeared for a reopened suppression hearing on January 12, 2009. AUSA Plowell represented the government. Attorney Reagan appeared on behalf of Defendant Martinez, who was also present. Attorney Burk appeared briefly on behalf of Defendant Cole. The Court heard another status report on the pending motions for bills of particulars, which the parties asked the Court to continue to hold in abeyance until the end of January or early February. The Court also heard evidence and argument on Defendant Martinez's suppression motion. At the conclusion of the hearing, the Court took the motions under advisement. Rulings on the non-evidentiary motions are arranged by topic herein.

---

[1]United States Magistrate Judge H. Bruce Guyton conducted this hearing for Judge Shirley.

# I. MOTIONS TO ADOPT

Defendant Cole[2] seeks to adopt [Doc. 179] various motions [Docs. 140, 143, 144, 146, 147, 148, 150, 151, 157, and 160], all of which were filed by Defendant Martinez. Defendant Rojas also seeks to adopt [Doc. 180] his codefendants' motions [Docs. 138, 139, 140, 143, 144, 146, 147, 148, 150, 151, 157, and 160]. He asks the Court to accept his motion to adopt, which was filed after the August 29, 2008 motion deadline, because counsel was not appointed until September 2, 2008. The Court finds that Defendant Rojas has shown good cause for filing his motion to adopt [Doc. 180] outside of the motion-filing deadline. Accordingly, the Court will permit the late-filed motion. To the extent the issues raised in the underlying motions may be applicable to Defendants Cole and Rojas, the Court will permit them to join in the listed underlying motions. The Court's rulings on the underlying motions are applicable to the adopting party or parties as well. Thus, the defendants' motions to adopt [**Docs. 179 and 180**] the motions of their codefendants are **GRANTED**.[3]

# II. BILL OF PARTICULARS

Defendants Cole [Doc. 139] and Martinez [Doc. 141] ask the Court to order the government to provide bills of particulars. Defendant Rojas has joined [Doc. 180] in Defendant Cole's motion. At the January 12 hearing, the government informed the Court that the parties were working out the

---

[2]The Court notes that Defendant Cole is scheduled to enter a change of plea on March 11, 2009. Nevertheless, the Court will rule upon Defendant Cole's motions because he has not moved to withdraw them and Defendant Rojas has moved to join in a number of them.

[3]The defendants also ask to join in Defendant Martinez's Memorandum in Support of Motion for Disclosure of Impeaching Information [Doc. 155] which was mistakenly filed as a motion in addition to being filed as a memorandum [Doc. 156]. The Court notes that the defendants join in these arguments as they related to Defendant Martinez's First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [Doc. 140].

issues raised in the motions for bills of particulars. Counsel for Defendant Martinez agreed, stating that although the matter was not fully resolved with respect to his client, he believed the parties could work it out. Counsel for Defendant Cole also stated that he and the government were working out the issues raised in the motion. Defendant Rojas's counsel did not attend the hearing, but the government stated that she had worked out the issues with regard to Defendant Rojas and that the motions was moot with regard to him. The parties agreed to let the Court know whether they would continue to pursue the motions by the end of January or the beginning of February. The Court has had no additional communications from the parties on these motions to date. Accordingly, the Court finds that Defendants Cole, Martinez, and Rojas no longer desire to pursue their motions for bills of particulars. The motions for bills of particulars [Docs. 139 and 141] are **DENIED as moot**.

## III. SEVERANCE

Defendants Cole [Doc. 137] and Martinez [Doc. 153] ask the Court to sever them from the trial of their codefendants and from each other. Defendant Cole asks the Court to sever him from the other defendants for trial pursuant to Rule 14, Federal Rule of Criminal Procedure, because he is prejudiced by a joint trial. He argues that he is charged in count one of the indictment with a drug conspiracy, but the indictment does not set forth the overt acts in furtherance of the alleged conspiracy and the discovery provided by the government does not reveal any connection between him and the other defendants. Count three of the indictment, which charges other defendants with the possession of firearms in furtherance of a drug trafficking crime, incorporates count one. Cole argues that because he is listed in count one, he is prejudiced by the incorporation of count one in count three because it brings him within the language of count three. He argues that this will be

confusing to the jury. At the September 11 hearing, defense counsel asserted that the trial of the gun charge will prejudice Cole because he is not a major player in the conspiracy.

Defendant Martinez contends [Doc. 153] that he will be unfairly prejudiced under Rule 14 in a joint trial with the other codefendants due to "spillover" effect or guilt by association; the potential for violation of the Confrontation Clause, if the government intends to use the statements of codefendants at trial; and the fact that several codefendants would provide exculpatory testimony at a separate trial. At the September 11 hearing, defense counsel argued that there is no direct proof that Defendant Martinez was involved in any drug transactions. He asserted that because of similarities in Martinez's name to that of other codefendants, there was potential for the jury to be confused. He contended that the lack of proof against Martinez and the confusion as to names provide a compelling reasons to sever Martinez for a separate trial.

The government responds [Doc. 164] that Defendants Cole and Martinez have failed to show substantial, undue, or compelling prejudice from a joint trial. It points out that all of the defendants are jointly indicted in count one, which alleges a conspiracy to distribute cocaine hydrochloride and marijuana. It asserts that joint trials of individuals participating in the same conspiracy are favored because they promote judicial economy. This policy favoring joint trials prevails even when the defendant's role in the conspiracy is small or evidence against a codefendant is particularly damaging. At the September 11 hearing, the government acknowledged that Defendant Martinez did not have the same role in the conspiracy as some of the codefendants, but it contended that alone does not provide a basis for severing him from the joint trial. The government anticipated no <u>Bruton</u> issues with regard to Defendants Martinez or Cole.

Rule 14 permits severance of properly joined counts, if the joinder "appears to

prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. <u>United States v. Wirsing</u>, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. <u>United States v. Warner</u>, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993).

### A. Minor Role in the Conspiracy/Spillover Effect

Both defendants argue that they should be severed because their role in the conspiracy, if any, was small. Defendant Martinez argues the spillover effect of evidence against codefendants could cause the jury to find that he is guilty because of his association with the codefendants. Defendant Cole makes a similar argument in contending that the jury could be confused by the incorporation of count one in count three and could believe that he was being charged with a gun crime as well. In other words, Cole essentially argues that damaging evidence against the

codefendants charged in count three could be mistakenly attributed to him. The government argues that jury will likely be instructed to consider the evidence with regard to the defendant to which it relates.

The Sixth Circuit has held that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each defendant. United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (examining failure to sever arson counts); Moore, 917 F.2d at 220. "[A] defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him." Id. The defendant must still show that the disparities in the evidence relating to each defendant give rise to a substantial risk that the jury will be unable to segregate the evidence related to each defendant. See Hang Le-Thy Tran, 433 F.3d at 478.

In the present case, the defendants have not shown a substantial risk of juror confusion from the spillover of evidence relating to codefendants. Defendant Marinez argues that because he shares the name Medina with Defendant Jose Medina and because his surname Martinez sounds similar to that of Defendant Jose Martines, the jury could become confused about which defendants are involved in the wiretapped telephone conversations. The government responds that although these

defendants are related, they are referred to as "Chon Chon" (Jose Medina), "Pedro" (Jose Martines), and "Miguel" (Miguel Medina Martinez) in the wiretapped conversations. Thus, it asserts that the jury will not be confused. It acknowledges that the defendants are referenced by their surnames in the agents' reports but states that the substance of the agents' reports is not admissible at trial. The Court notes that the wiretapped conversations presented by the parties at the January 12 reopened suppression hearing support the government's contention that the defendants are called by distinct names or nicknames, at least with respect to Defendants Medina and Martinez. Accordingly the Court finds that the jury will be able to distinguish the evidence relating to each defendant in this respect.

The Court also finds that the jury will be able to understand that Defendant Cole is not charged in count three, despite the reference to count one in count three. The defendants charged in count three with using a firearm in furtherance of a drug trafficking crime are specifically named in that count. Accordingly, the Court finds that the defendants have failed to show that they are substantially prejudiced by a spillover effect of the evidence.

### B. **Bruton** Issue

Defendant Martinez argues that a joint trial would likely violate the Confrontation Clause if statements of nontestifying codefendants were entered against him. The Supreme Court has held that the admission of a codefendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation right of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing codefendant. Bruton v. United States, 391 U.S. 123, 127 (1968). In the present case, the

government states that a joint trial presents no <u>Bruton</u> issues for Defendants Martinez or Cole. Accordingly, this does not provide a basis for severance.

### C. Exculpatory Evidence from Codefendant

Finally, Defendant Martinez argues that exculpatory evidence in the form of exculpatory testimony by a codefendant is not available to him in a joint trial. He states that "upon information and belief, several of the co-defendants , including but not limited to, Jose Martines and Edwin Morales, would provide testimony exculpatory to the Defendant at a separate trial." In order to determine whether a defendant should be severed from the trial of codefendants in order to obtain a codefendant's testimony, the Sixth Circuit employs a "stringent test": "The defendant 'must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed.'" <u>United States v. Causey</u>, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting <u>United States v. Butler</u>, 611 F.2d 1066, 1071 (5th Cir.), <u>cert. denied</u>, 449 U.S. 830 (1980)), <u>cert. denied</u>, 486 U.S. 1034 (1988). Moreover, "a motion for severance on the ground of absence of a codefendant's testimony must be accompanied by more than a basic, unsupported contention that a separate trial would afford the defendant exculpatory testimony." <u>Id.</u> In the present case, Defendant Martinez has supplied nothing more in support of his severance argument than the names of two codefendants who would testify for him. Even if the Court assumes that he has a bona fide need for the testimony, the Court has no information on the substance of their testimony, how it would be exculpatory, or whether these defendants would actually testify. The Court finds that the defendant has failed to satisfy the stringent test in <u>Causey</u>.

For the reasons set forth above, Defendant Cole's Motion to Sever Defendant [**Doc. 137**] and Defendant Martinez's Motion for Severance of Defendants [**Doc. 153**] are **DENIED**.

## IV.  DISCOVERY

### A.  Brady Requests

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, Defendant Martinez brings a First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [Doc. 140],[4] asking the Court to order the government to provide certain specified exculpatory information:

> (1) Agreements between the government and/or any other law enforcement agency and informants or government witnesses for the purpose of gaining the witnesses testimony or cooperation,
>
> (2) Any record or document produced as a result of an agreement with a witness;
>
> (3) All testimony, statements, or memoranda referring to statements by any witness describing the indicted offense but not including any references to the defendant,
>
> (4) All prior statements by a witness to law enforcement that are inconsistent to the witness's expected trial testimony,
>
> (5) Arrest records or criminal history of witnesses,
>
> (6) Facts or allegations of other misconduct of a witness not related in the witness's criminal history,
>
> (7) Information on the witness's (including a law enforcement officer's) mental or physical history that impairs the witness's reliability,

---

[4]The Court notes that the memorandum in support of this motion was filed as both a separate motion [Doc. 155] and as a memorandum [Doc. 156].

(8) Results of any polygraph examination ever administered to any witness,

(9) Any information indicating that the witness's identification of the defendant is motivated by personal animosity,

(10) Any positive drug test for a witness during the time he/she was cooperating with the government or any law enforcement agency or was on conditions of release, and

(11) Any positive drug test while a witness was facing criminal charges or on conditions of release.

Similarly, Defendant Martinez has filed a Motion for Exculpatory Evidence [Doc. 148], which requests that the government provide any favorable evidence or evidence that could be fairly used to impeach a witness's credibility, such as:

(1) Any money or remuneration paid to a government witness,

(2) Information on the witness's mental condition that reflects on the witness's credibility,

(3) Any statements inculpating the defendant or by indicted or unindicted coconspirators, who later changed their statement or testified inconsistently,

(4) Interview memoranda or reports that contradict any evidence the government intends to produce,

(5) Names and addresses of any witness that would give testimony favorable to the defendant,

(6) Test results that do not implicate the defendant or a coconspirator or that implicate someone other than the defendant,

(7) Any documents inconsistent with the testimony the government intends to introduce,

(8) Descriptions of the perpetrator that do not match the defendant or a coconspirator,

(9) Names and addresses of any person failing to identify the

defendant or identifying someone other than the defendant or his coconspirators,

(10) With regard to any extrajudicial identification, the date, names of those present and those appearing in any lineup, and any written or photographic documentation of the identification process, and

(11) Evidence of the defendant's mental condition at the time of the offense that would tend to negate specific intent.

Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in these motions.

The government responds [Doc. 174] that the Court has already ordered it to disclose exculpatory information in the Order on Discovery and Scheduling [Doc. 14]. It states that it will abide by the requirements of <u>Brady</u> and its progeny. It also objects to providing the personnel files of any government witness or information possessed by other law enforcement agencies not related to this investigation. Finally, it contests providing specific instances of misconduct by government witnesses, promises made to the witness by the government, whether the witness is an informant, whether a witness has a mental deficiency, or any declarations from non-witnesses at this time.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." <u>Brady</u>, 373 U.S. at 87. The Court has entered an Order on Discovery and Scheduling [Doc. 14][5] in this case. This Order provides:

The government shall reveal to the defendant and permit inspection and

_____

[5]The Court notes that the Order on Discovery and Scheduling was filed before Defendants Martinez, Cole, and Rojas were indicted and that the specific dates listed therein have been amended several times. Nevertheless, the Order's directions on the scope and timing of discovery are controlling with regard to all parties.

> copying of all information and material known to the government
> which may be favorable to the defendant on the issues of guilt or
> punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963),
> <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and
> <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence).

[Doc. 14, para. E.] Thus, the Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u>. Furthermore, the government has acknowledged its duty to disclose exculpatory evidence. The Court also notes that the scheduling order directs the defendant to first request discovery from the government and be declined the same before seeking a resolution from the Court. Although the government, in its response, has declined to provide certain broad categories of information such as information unrelated to this investigation and in the possession of other law enforcement agencies, the pleadings presently before the Court do not show any specific, existing pieces of evidence that are in dispute. The Court perceives that no further ruling is necessary at this time. Thus, Defendant Martinez's First Specific <u>Brady</u> Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 140**] and Motion for Exculpatory Evidence [**Doc. 148**] are **DENIED as moot.** These motions are also denied as to Defendants Cole and Rojas.

### B. Identity of Witnesses and Informants

Pursuant to <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), Defendant Martinez asks [Docs. 143 and 147] the Court to order the government to disclose the identity and address of those persons who were present at the times and places of the offenses alleged in the indictment or who participated in the charged conduct. He maintains that this includes persons present during any overt act, during any other act admissible against the defendant, when any statements were made in furtherance of the charged offenses, or for any acts or statements made prior to the charged offenses which are considered by the government to be part of the *res geste* or foundation of the charged

offenses.  He argues that this information is relevant, necessary to the preparation of his defense, and essential to a fair trial.  Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in these motions.

With regard to witnesses who were not participants in the charged offenses, the government responds [Doc. 172] that it is well-settled that the defendant is not entitled to a list of government witnesses nor has he made any showing that pretrial disclosure of witness identities is necessary in this case.  Moreover, it argues [Doc. 173] that the defendant has failed to show that the disclosure of the identity of any informant(s) is essential to a fair trial in this case.  The government states [Doc. 181] that members of the drug trafficking organization involved in this case have already made efforts to threaten or coerce informants, cooperating witnesses, and the Assistant United States Attorney.

As a general rule, the government is not required to disclose the names of its witnesses before trial.  See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979).  With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.  The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of a confidential informant, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." Id. A court may require disclosure if it finds that the informant's provision of relevant testimony, which is material to the defense, is "reasonably probable." United States v. McManus, 560 F. 2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978). Once the defendant has made this initial showing, if the evidence reveals that "that it is reasonably probable that the informer can give relevant testimony, the burden should be on the Government to overcome this inference with evidence that the informer cannot supply information material to the defense." United States v. Eddings, 478 F.2d 67, 71 (6th Cir. 1973); see also United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (observing that the defendant bears the initial burden of showing that the informant's

identity is relevant to his defense).

In the present case, defense counsel argued at the September 11 hearing that he needed to interview confidential informants to determine whether his client was involved with them.  He stated that the informants might say that Martinez did not have anything to do with the conspiracy.  The government stated that there were no informants who were exculpatory to the defendant.  It proffered that cooperating witnesses in this case had already received significant threats.   The government contended that the real and substantial danger to the informants in this case weighs against disclosure.

In balancing the defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses.  Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant.  United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); Sharp, 778 F.2d at 1186 n.5 (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., McManus, 560 F.2d at 751 (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction).

In the present case, the Court has no information as to whether any informants participated in overt acts with Defendants Martinez, Cole, or Rojas.  Even assuming that they did, the Court must still balance the potential danger to the government's witnesses from disclosure.  See Jackson, 990 F.2d at 255.  In conducting this balancing, "danger to the informant's life must be given significant weight[.]" United States v. Straughter, 950 F.2d 1223, 1232 (6th Cir. 1991).  In Straughter, the trial

16

court did not order the government to disclose the identity of the confidential informant and barred cross-examination at trial on the matter, even though the defendants contended that they needed this information to show entrapment and governmental misconduct.  Id.  The trial court reviewed the information regarding the confidential informant *in camera*, determined that it would not be exculpatory to the defendants, and determined that the informant's life would be "'significantly endangered'" if the informant's identity was revealed.  Id.  The Sixth Circuit found that the trial court did not abuse its discretion in so ruling.  Id.

Initially, the Court finds that the defendants are not entitled to learn the identities of the government's witnesses who were not participants in the overt acts relating to the charged offenses. With regard to informants, the Court finds that, based upon the government's representations, the informants are not exculpatory and would be endangered by disclosure of their identities.  In light of the government's contention that involvement in this case has already resulted in real and specific danger to the informants, the Court gives significant weight to this factor.  Defendant Martinez seeks to learn the identities of the informants to learn whether they could potentially provide evidence that he was not involved with them in any overt acts.  Defendants Cole and Rojas advance no separate need for the informant's identities.  The Court finds that the danger to the informants from disclosure outweighs the defendants' desire to learn the informants' identities to discover potentially exculpatory information, which the government says does not exist.  Accordingly, Defendant Martinez's Motion for Disclosure of Material Witnesses [**Doc. 143**] and Motion for Disclosure of Informants and Operatives [**Doc. 174**] are **DENIED**.  These motions are denied with respect to Defendants Cole and Rojas as well.

## C.  Witness Statements

*(1) Jencks Materials*

Defendant Martinez moves [Doc. 150] for the pretrial production of witness statements in order to avoid lengthy recesses during trial for counsel to examine the statements.  Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in this motion.  The government responds [Doc. 165] that although it plans to provide Jencks material in a manner that avoids the delay of any hearing or trial, case law firmly establishes that it does not have to produce such evidence until after the witness testifies.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.  The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies:  "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial."  United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial.  See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992).  Additionally, this Court's Order on Discovery and Scheduling [Doc. 14] also

encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the Court has already encouraged early disclosure in the Order on Discovery and Scheduling, and the government has stated an intention to minimize delay at trial. Moreover, the defendant has stated no compelling need for early disclosure. Accordingly, the defendant's Motion for Pretrial Production of Witness Statements [**Doc. 150**] is **DENIED as moot**. This motion is also denied as moot with regard to Defendants Cole and Rojas.


*(2) Witness Agreements*

Defendant Martinez also moves [Doc. 157] the Court to order the government to disclose any offers of leniency or to not prosecute charges, compensation, downward departures, or other benefits to witnesses in exchange for the witnesses' cooperation, assistance, or testimony. He contends that such promises are discoverable pursuant to his rights to due process and fundamental fairness as well as his right to cross-examine and impeach witnesses pursuant to the Sixth Amendment. Defendants Cole [Doc. 179] and Rojas [Doc. 180] join in this motion.

The government responds [Doc. 171] that it is aware of its obligations under United States v. Giglio, 405 U.S. 150 (1972), and that it will provide copies of the testifying witnesses' plea agreements, criminal histories, and any other information contemplated by Giglio in a timely manner as previously ordered by this Court.

As discussed above, the Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence includes evidence tending to impeach a government witness, including plea agreements and promises of immunity. See Giglio v. United States, 405 U.S. 150, 154-55 (1972). In the present case, the Court's Order on Discovery and Scheduling [Doc. 14, para E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988.

The Court finds that the defendant's request is covered by the Order. Furthermore, the government has acknowledged its continuing duty to disclose exculpatory evidence as well as the Giglio material the defendant seeks. Accordingly, because the disclosure of impeaching evidence is already covered by the Court's Order on Discovery and Scheduling, Defendant Martinez's Motion to Require the Government to Reveal Any Agreements with or Concessions to Witnesses That May Influence Their Testimony [**Doc. 157**] is **DENIED** as moot. This motion is also denied with respect to Defendants Cole and Rojas.

### D. Defendants' Statements

Defendant Martinez requests [144] that the Court require the government to disclose any written or oral statements, by any individual, that the government will seek to attribute to him. This request extends to the alleged statements of coconspirators, adoptive admissions, and any other

20

vicarious utterance. He argues that because statements of a coconspirator can be offered against him under Federal Rule of Evidence 801(d)(2)(E), such statements are effectively his own statements and are thus discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A). He argues that the Jencks Act poses no impediment to his discovery of the requested statements because the government cannot call the defendants in a case to testify. He asserts that disclosure of all statements which the government will seek to attribute to him is necessary for him to make informed decisions regarding the exercise of his constitutional rights and the other options available to him in connection with these proceedings. Defendants Cole [Doc. 178] and Rojas [Doc. 180] have joined in this motion.

The government responds [Doc. 168] that Rule 16 only requires the disclosure of the defendant's own statements, not those of others which the government may seek to attribute to the defendant. It maintains that typically, exculpatory evidence, Rule 16 discovery, and Jencks Act materials make up the entire universe of discovery to which the defendant is entitled. It argues that the defendant's request for the disclosure of coconspirator statements falls outside of the ambit of permissible discovery and should be denied.

Rule 16 requires that the government disclose a defendant's oral statement made during interrogation by a person the defendant knew to be a government agent if the government intends to use the oral statement at trial. Fed. R. Crim. P. 16(a)(1)(A). The rule also requires disclosure of a defendant's written or recorded statement in the government's custody or control and which the government knows to exist, a portion of a written record containing the statement of the defendant made in response to interrogation by a known government agent, and the defendant's recorded grand jury testimony relating to the charged offense. Fed. R. Crim. P. 16(a)(1)(B). "Each defendant is

entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of codefendants under Rule 16). The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. Thus, in the present case, the defendant is not entitled to inspect the statements of his codefendants or other uncharged coconspirators unless and until they testify at trial. With regard to the defendant's own statements, the Court has already ordered [Doc. 14, paras. A, 1 and B, 1] their disclosure, and the government has stated at the November 3 suppression hearing that Defendant Martinez has not given any statements. Accordingly, the defendant's request [**Doc. 144**] for the pretrial provision of statements other than his own is **DENIED**. This motion is also denied with respect to Defendants Cole and Rojas.

### E.  Pretrial Hearing on the Existence of the Conspiracy

Defendant Martinez asks [Doc. 151] for a pretrial hearing for the government to prove the existence of a conspiracy and his membership therein, before it can introduce statements made in the course of and in furtherance of the conspiracy. He argues that a pretrial hearing is necessary to protect him from unfair prejudice and potential contamination of the jury with the hearsay

statements in the event that no conspiracy can be proven.  He also asserts that such pretrial hearing will not be unduly lengthy or burdensome.  Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in this motion.  The government responds [Doc. 170] that the Sixth Circuit does not require a pretrial hearing to determine the existence of the conspiracy and that determining the existence of the conspiracy during the trial would be more economical and would prevent the defendant from learning the details of the government's evidence as well as the identity of the government's witnesses before trial.

    With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue:  (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement.  United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)).  The Court notes that it is the general practice in this district to use the third of these options.  Because the defendants' motion [Doc. 151] relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to  permit the government to present the statement before proving the conspiracy and then instructing the jury that the government must prove the conspiracy before it can consider the statement.  Accordingly, Defendant Martinez's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [**Doc.  151**] is **DENIED** at this time.  This motion is also denied with respect to Defendants Cole and Rojas.  The Court notes

that the parties are free to request that the District Court use a different procedure at trial.

## F. Notice of Government's Intent to Use Evidence

Defendants Cole [Doc. 138] and Martinez [Doc. 149] request, pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), that the government disclose all evidence that it intends to use in its case in chief that is arguably subject to a motion to suppress. Defendant Rojas seeks to adopt [Doc. 180] Defendant Cole's motion. The government responds [Doc. 165] that it intends to use all evidence provided during discovery in its case-in-chief.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government upon request of the defendant to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

In this case, Defendant Martinez has filed a suppression motion [Doc. 158], upon which this Court has issued a Report and Recommendation [Doc. 221], but Defendant Cole has indicated no intention to file a motion to suppress. Rather, here, as in Lanier, it appears that "the defendant's Rule 12[(b)(4)(B)] motion was filed as a means of obtaining more specific discovery than that afforded by Rule 16." 578 F.2d at 1254. Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does

object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[6]  In any event, here the government has given notice in its response of its intent to use all evidence that it provided in discovery.  Accordingly, Defendant Cole's Motion for Notice of Government's Intention to Use Evidence [**Doc. 138**] and Defendant Martinez's Motion for Notice of Evidence Arguably Subject to Suppression under Rule 12(b)(4)(B) [**Doc. 149**] are **DENIED as moot**. Defendant Cole's motion is denied with respect to Defendant Rojas as well.

### G.  Early Notice of 404(b) Evidence

Defendant Martinez asks [Doc. 146] the Court to order the government to provide the following information with regard to its intent to introduce evidence of other crimes, wrongs or acts of the defendant pursuant to Rule 404(b), Fed. R. Evid., at least sixty days before trial:

> (1) All facts relating to the crime or bad act and a statement of which facts the government will seek to introduce at trial;
>
> (2) Whether the evidence will be introduced by means of a documentary exhibit and, if so, the identity of each exhibit and its availability for inspection and copying;
>
> (3) The name of any witness who will give testimony about the act or crime and/or lay the foundation for the entry of any exhibit;
>
> (4) A summary of the intended testimony of witnesses testifying about acts or crimes as well as any information bearing upon the

---

[6]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief.  See Fed. R. Crim. P. 12(b)(4)(A).  In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

witness's credibility;

(5) Whether each such other act or crime is presently the subject of a pending charge or ongoing criminal investigation, and if so, whether the government intends to elicit this circumstance from any witness or through any exhibit; and

(6) The element of the crime for which such other crime, wrong or act is offered as proof.

Defendant Martinez contends that these details are necessary so that he can prepare to meet and seek to exclude 404(b) evidence. He also asserts that such disclosure is necessary to guarantee that he receives due process of law. Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in seek to adopt this motion.

The government responds [Doc. 166] that the defendant's motion should be denied as moot because this Court has already ordered that it provide reasonable notice of its intent to use 404(b) evidence. The government will comply with the Court's Order on Discovery and Scheduling, which orders that notice be given seven days before trial.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 14, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The defendant has stated no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling.

With regard to the type of information the government must provide in its 404(b) notice, the

Sixth Circuit has held that "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Guided by the case law and the Advisory Committee Notes to the rule, the Court finds that the defendant is not entitled to the level of detail in the notice that he is requesting in his motion. Instead, the government is simply ordered to give notice of the general nature of any 404(b) evidence it intends to introduce at trial. If the defendant believes that the government is not entitled to introduce the evidence of which it gives notice, he may file a motion in limine seeking its exclusion. The government's response to such motion will inform the defendant of the theory or element which the government believes provides the basis for the evidence's admissibility under Rule 404(b). Thus, the Court finds that a general notice would not prevent the defendant from preparing to exclude the 404(b) evidence.

Accordingly, Defendant Martinez's Request for Pretrial Disclosure of Rule 404(b) Evidence

[**Doc. 146**] is **DENIED** in light of the fact that Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence. This motion is also denied with respect to Defendants Cole and Rojas.

## H.  Electronic Surveillance

Defendant Martinez asks [Doc. 160] the Court to order the government to provide notice of whether there has been any electronic surveillance conducted in the investigation of this case.  If electronic surveillance has been conducted, the Defendant requests that the government provide "an inventory of all telephonic, radio, and/or recorded information intercepted by law enforcement as well as with the contents of all intercepted communications."  Defendants Cole [Doc. 179] and Rojas [Doc. 180] have joined in this motion.  The government responds that electronic surveillance was conducted in this case, that it has given the defendant copies of all documents relating to getting and conducting the wiretaps, and that it has also provided copies of all intercepted communications.  Accordingly, the Court finds that Defendant Martinez's Request for Notice of Electronic Surveillance [**Doc. 160**] is **DENIED as moot** because the government has provided all of the information that the defendant requested in the motion.  This motion is also denied as moot with respect to Defendants Cole and Rojas.

## V.  ROBINSON MOTION

Pursuant to United States v. Robinson, 707 F.2d 872, 876 (6th Cir. 1983), Defendant Saul Moreno requests [Doc. 192] that the Court suppress the audiotapes of intercepted telephone conversations purportedly of or about him because they are not audible or comprehensible for the jury's consideration.  The government responds [Doc. 194] that the defendant's motion is premature because the government has yet to designate the specific calls that it will use in its case-in-chief or

to provided the transcripts that correspond to those calls. It also asserts that the audiotapes that have been provided to the defendant are not of poor quality, although they contain slang and/or codes.

At the November 3, 2008 suppression hearing on Defendant Martinez's suppression motion, the government stated that the parties were not ready for a hearing on the <u>Robinson</u> motion. The parties appeared for a scheduled pretrial conference on November 20, 2008. At that time, the trial was continued to March 23, 2009. Counsel for Defendant Moreno informed the Court that the parties would not be ready to give a status report on the present motion at a hearing set for December 12, 2008. The December 12, 2008 hearing was subsequently rescheduled for January 12, 2009. At the January 12, 2009 reopened suppression hearing on Defendant Martinez's suppression motion, the government reported that counsel for Defendant Moreno was reviewing the synopses of those calls that the government intended to use at trial with regard to Defendant Moreno. It stated that it was still awaiting transcriptions of those calls and asked the Court to continue to hold the motion in abeyance.

On February 11, 2009, the Court entered an order [Doc. 222], directing Defendant Moreno to file a status report on the <u>Robinson</u> motion on or before February 18, 2009, informing the Court on whether he is still pursuing the motion. Defendant Moreno filed no response to this order. Accordingly, the Court can only assume that he is no longer pursuing the <u>Robinson</u> motion. Defendant Moreno's Motion to Suppress Introduction of Taped Conversations [**Doc. 192**] is **DENIED as moot**.

## VI. CONCLUSION

For the reasons set forth above, the Court **ORDERS:**

>(1) Defendant Dannon Cole's Motion to Adopt Co-defendants Motions [**Doc. 179**] and Defendant Porfirio Rojas's Motion to Adopt

Co-Defendants Motions [**Doc. 180**] are **GRANTED**;

(2) Defendant Dannon Cole's Motion for Bill of Particulars [**Doc. 139**] and Defendant Miguel Medina Martiez's Motion for F.R.CR.P. Rule (7)(f) Bill of Particulars [**Doc. 141**] are **DENIED as moot**. This motion is also **DENIED as moot** with respect to Defendant Porfirio Rojas, who has joined in it;

(3) Defendant Dannon Cole's Motion to Sever Defendant [**Doc. 137**] and Defendant Miguel Medina Martinez's Motion for Severance of Defendants [**Doc. 153**] are **DENIED**;

(4) Defendant Miguel Medina Martinez's First Specific <u>Brady</u> Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 140**] and Motion for Exculpatory Evidence [**Doc. 148**] are **DENIED as moot**. These motions are also **DENIED as moot** with respect to Defendants Dannon Cole and Porfirio Rojas, who have joined in them;

(5) Defendant Miguel Medina Martinez's Motion for Disclosure of Material Witnesses [**Doc. 143**] and Motion for Disclosure of Informants and Operatives [**Doc. 147**] are **DENIED**. These motions are also **DENIED** as to Defendants Dannon Cole and Porfirio Rojas, who have joined in them;

(6) Defendant Miguel Medina Martinez's Motion for Pretrial Production of Witness Statements [**Doc. 150**] is **DENIED as moot**. This motion is also **DENIED as moot** with respect to Defendants Dannon Cole and Porfirio Rojas, who have joined in it;

(7) Defendant Martinez's Motion to Require the Government to Reveal Any Agreements with or Concessions to Witnesses That May Influence Their Testimony [**Doc. 157**] is **DENIED as moot**. This motion is also **DENIED as moot** with respect to Defendants Dannon Cole and Porfirio Rojas, who have joined in it;

(8) Defendant Miguel Medina Martinez's Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [**Doc. 144**] is **DENIED**. This motion is also **DENIED** as to Defendants Dannon Cole and Porfirio Rojas, who have joined in it;

(9) Defendant Miguel Medina Martinez's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [**Doc. 151**] is **DENIED**. This motion is

also **DENIED** as to Defendants Dannon Cole and Porfirio Rojas, who have joined in it;

(10)  Defendant Cole's Motion for Notice of Government's Intention to Use Evidence [**Doc. 138**] and Defendant Miguel Medina Martinez's Motion for Notice of Evidence Arguably Subject to Suppression under Rule 12(b)(4)(B) [**Doc. 149**] are **DENIED as moot**.  This motion is also **DENIED as moot** as to Defendant Porfirio Rojas, who has joined in Defendant Cole's motion;

(11)  Defendant Miguel Medina Martinez's Request for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 146**]  is **DENIED**.  This motion is also **DENIED** with respect to Defendants Dannon Cole and Porfirio Rojas, who have joined in it**;**

(12)  Defendant Miguel Medina Martinez's Request for Notice of Electronic Surveillance [**Doc. 160**] is **DENIED as moot**.  This motion is also **DENIED as moot** with respect to Defendants Dannon Cole and Porfirio Rojas, who have joined in it; and

(13)  Defendant Saul Moreno's Motion to Suppress Introduction of Taped Conversations [**Doc. 192**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge