IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-48 |
| | ) | |
| JOSE MEDINA, | ) | (VARLAN/SHIRLEY) |
| JORGE CARDENAS-GONZALES, | ) | |
| DANNON COLE, | ) | |
| EDWIN MORALES, | ) | |
| PORFIRIO ROJAS, | ) | |
| JOSE MARTINES, | ) | |
| SAUL MORENO, | ) | |
| MIGUEL MEDINA MARTINEZ | ) | |
| GUSTAVO VASQUEZ GUZMAN, | ) | |
| CHRISTIAN FUENTES, and | ) | |
| ALAN PATTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on March 12, 2009, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. The defendants, some of whom were aided by live interpreters, appeared with counsel as follows: Jose Medina represented by Donny M. Young, Jorge Cardenas-Gonzales represented by Charles I. Poole, Edwin Morales represented by Richard Richard L. Gaines, Porfirio Rojas represented by Christopher Scott Irwin, Jose Martines represented by Russell

1

T. Greene, Saul Moreno represented by Gerald L. Gulley, Jr., Miguel Medina Martinez represented by Randall E. Reagan, Gustavo Vasquez Guzman represented by Dennis B. Francis, and Alan Patty represented by Andrew S. Roskind.  Defendant Christian Fuentes was also present, but his attorney Michael P. McGovern could not be present.

The Court first took up the Motion to Appear at Pretrial Conference Via Stand-In Counsel and Telephone Standby [Doc. 236] filed by Attorney McGovern, defense counsel for Defendant Fuentes.  Mr. McGovern asked to be excused from the hearing because he mistakenly believed it had been cancelled and scheduled another matter for that time frame.  He asked that he be allowed to send his calendar with Attorney Randy Reagan.  In the motion, defense counsel noted that Defendant Fuentes did not object to a continuance of the trial.  At the March 12 hearing, the Court explained the matter to Defendant Fuentes, who understood that his attorney would not be present for the hearing.  The Court finds that Mr. McGovern has stated good cause for missing the hearing, and the motion to appear by way of stand-in counsel [**Doc. 236**] is **GRANTED**.

The Court next addressed Attorney Roskind's Motion to Withdraw as Counsel [Doc. 225]. Appointed Attorney Roskind asks to withdraw from the representation of Defendant Patty because the defendant has retained Attorney Angela Morelock and because of the poor communications between himself and the defendant.  Attorney Morelock has filed a Notice to Substitute Counsel [Doc. 230], which states that Defendant Patty retained her on March 3, 2009.  At the hearing, Attorney Morelock stated that she believed the attorney-client relationship between the defendant and Mr. Roskind had broken down.  Defendant Patty informed the Court that he had retained Attorney Morelock and wished to be represented by her in this case.  He also asked that Attorney Roskind be allowed to withdraw.  The government had no objection.  The Court finds Attorney

Roskind's motion to withdraw [**Doc. 225**] to be well-taken, and it is **GRANTED**. Mr. Roskind is relieved of any further representation of Defendant Patty. He informed the Court at the hearing that he had already turned over the file to Ms. Morelock. Ms. Morelock is **SUBSTITUTED** as retained counsel of record for Defendant Patty.

The Court next took up Attorney Donny Young's Motion to Withdraw as Counsel of Record [**Doc. 233**] for Defendant Jose Medina. In the motion, Mr. Young states that on February 27, 2009, Defendant Medina became angry and told Young that his services were no longer needed. The motion states that the defendant never responded to Mr. Young's letter asking him to reconsider. At the March 12 hearing, the Court conducted a sealed, *ex parte* hearing[1] to determine the nature and extent of the problems between Mr. Young and Defendant Medina. Without going into the confidential and private nature of that discussion, the Court concluded that good cause exists to relieve Mr. Young from further representation and for the defendant to proceed with new counsel. The Court finds that there exists a breakdown in the attorney-client relationship such that the trust necessary for an adequate defense no longer exists within that relationship and that the situation is unlikely to improve. Based upon good cause shown, defense counsels' Motion to Withdraw as Counsel of Record [**Doc. 233**] is **GRANTED**, and Attorney Young is relieved as counsel for Defendant Medina. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. Attorney Kimberly Parton appeared and agreed to accept representation of the defendant The Court therefore and hereby substitutes and appoints Ms. Parton under the Civil

---

[1] The Court notes that the government was present for the very beginning of this hearing.

Justice Act (C.J.A.) as counsel of record for Defendant Medina. Mr. Young confirmed that he would give the defendant's file to Ms. Parton.

Finally, the Court considered Defendant Patty's Motion to Continue [Doc. 234] the March 23, 2009 trial date. Patty asks that the Court continue the trial in order to give his newly retained attorney time to review the voluminous discovery in this case so that she can advise him whether to proceed with his plea agreement or to go to trial. At the hearing, Attorney Morelock noted that additionally she had a medical procedure scheduled for the present trial date that would require her to be out for four or five days thereafter. Ms. Parton, newly appointed counsel for Defendant Medina, stated that she also needed a continuance of the March 23 trial date in order to review discovery and prepare for trial. She informed the Court that she was participating in a state death penalty case that would take the better part of June and July for jury selection, trial preparation, and trial. The government and the remaining defendants had no objection to a continuance.

The Court finds the motion to continue the trial [Doc. 234] to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time of the hearing, the trial of this case was set for March 23, 2009. To require Attorneys Morelock and Parton, who have just come into the case, to proceed to trial in less than two weeks would be a miscarriage of justice, given the voluminous discovery. See 18 U.S.C. § 3161(h)(8)(B)(i). These attorneys need time to meet with their clients, to review the discovery and the case file, and to prepare for trial. Attorney Morelock needs time to advise Defendant Patty with regard to a proposed plea agreement. Moreover, Attorney Parton will be participating in a state death penalty trial for part of June and July. The Court finds that the accommodation of all of these contingencies could not take place before the March 23, 2009

4

trial date or in less than four and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

With respect to the remaining defendants whose attorneys did not just join the case, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 n.22 (1986); United States v. Culpepper, 898 F.2d 65, 66 (6th Cir. 1990). Moreover, the Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7).[2] Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson, 476 U.S. at 327. In the present case, the Court finds that the delay occasioned by Defendants Patty and Medina retaining and receiving new counsel is reasonable in order to give those defendants an opportunity to prepare for trial. Accordingly, the Court finds that the delay is both reasonable and necessary because Defendants Patty and Medina have new counsel.

Accordingly, the Motion to Continue [**Doc. 234**] is **GRANTED**, and the trial of this matter is reset to **August 4, 2009**. The Court also finds that all the time between the **March 12, 2009** hearing and the new trial date of **August 4, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7) and -(8)(A)-(B). With regard to other scheduling, the Court set a **May 1, 2009** plea cutoff deadline at the government's request.

---

[2]The Court notes that it denied [Doc. 231] Defendants Cole and Medina Martinez's motions to be severed [Docs. 137 and 153] from the trial of the other defendants.

5

Accordingly, it is **ORDERED:**

(1) Defendant Christian Fuentes' Motion to Appear at Pretrial Conference Via Stand-In Counsel and Telephone Standby [**Doc. 236**] is **GRANTED;**

(2) Attorney Andrew S. Roskind's Motion to Withdraw as Counsel [**Doc. 225**] is **GRANTED,** and he is relieved of further representation of Defendant Alan Patty;

(3) Attorney Angela Morelock is **SUBSTITUTED** as counsel of record for Defendant Patty;

(4) Attorney Donny Young's Motion to Withdraw as Counsel of Record [**Doc. 233**] is **GRANTED**, and Attorney Young is relieved as counsel for Defendant Jose Medina;

(5) Attorney Kimberly Parton is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Medina under the C.J.A.;

(6) Defendant Patty's Motion to Continue [**Doc. 234**] is **GRANTED**;

(7) The trial of this matter is reset to commence at **9:00 a.m., on August 4, 2009,** before the Honorable Thomas A. Varlan, United States District Judge; and

(8) All the time between the **March 12, 2009** hearing and the new trial date of **August 4, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge