UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-48 |
| v. | ) | |
| | ) | |
| PORFIRIO ROJAS, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Porfirio Rojas' *pro se* Motion for Return of Personal Property [Doc. 537], filed on October 26, 2012, and referred [Doc. 539] to the undersigned on November 11, 2012. See 28 U.S.C. § 636(b)(1)(B) (providing that a magistrate judge has jurisdiction to recommend the disposition of a motion for post-trial relief by a convicted criminal defendant). The Defendant asks the Court to order the Government to return the following property, which he claims the Drug Enforcement Administration (DEA) seized from him at the time of his arrest: (1) a black wallet, (2) one black Motorola cellular telephone, (3) a gym bag containing clothing, and (4) $5,020 in United States currency. The Government responded [Doc. 541] on January 15, 2013, that the $5,020 was administratively forfeited and that the remaining items were destroyed after the time for all appeals had expired and the Defendant's case was closed.

The Court finds that the $5,020 was administratively forfeited and that the Defendant was properly notified of the forfeiture. The undersigned also finds that although the cellular telephone should have been returned to the Defendant, it was an instrumentality of the crime and no longer exists. Finally, the Court finds no record of the seizure of the wallet and

gym bag. Accordingly, the Court recommends that the Defendant's request for the return of property be denied.

I.   BACKGROUND AND PROCEDURAL HISTORY

On April 4, 2008, Defendant Porfirio Rojas was charged [Doc. 5], along with ten named codefendants, with conspiring to distribute five kilograms or more of cocaine and a detectable amount of marijuana and with conspiring to commit money laundering. Both counts contained forfeiture allegations, stating that, upon conviction, the defendants would forfeit all proceeds of the drug trafficking conspiracy, any property used to commit or facilitate the commission of the drug trafficking conspiracy, and all property involved in or traceable to the money laundering offense. The Defendant appeared before the undersigned on May 13, 2015, at which time the Court appointed counsel for him and read the Indictment.[1] That same day, a Superseding Indictment [Doc. 20] was filed, which added five codefendants, expanded the length of the conspiracy by approximately one month, changed the amount of marijuana attributed to the drug trafficking conspiracy to one thousand kilograms, and added one count of possession of a firearm in furtherance of a drug trafficking conspiracy for Defendant Rojas. The Court advised the Defendant, who was present with counsel, of the charges in the Superseding Indictment on May 16, 2015.[2] Defendant Rojas was arraigned, with the assistance of an interpreter, on the Second Superseding Indictment [Doc. 108], which added two codefendants, on September 11, 2008. All of these charging instruments contain the forfeiture allegations listed above.

On October 28, 2009, the Defendant appeared before District Judge Thomas A. Varlan to change his plea. The Defendant entered a plea of guilty to conspiracy to distribute cocaine and marijuana (Count 1) and to possession of a firearm in furtherance of drug trafficking

---

[1] The minutes [Doc. 16] from this hearing do not reflect whether an interpreter was used.
[2] The minutes [Doc. 46] from this hearing do not reflect whether an interpreter was used.

crimes (Count 3). The Defendant was sentenced on December 16, 2010, to one hundred forty-four (144) months imprisonment. The Judgment [Doc. 465] of conviction was entered on December 30, 2010. On October 26, 2012, the Defendant filed the instant Motion for Return of Personal Property [Doc. 537]. The motion gives no legal basis for the return of the four listed items but, instead, merely contends that the property was taken from him by the DEA at the time of his arrest.

On November 9, 2012, the Government responded [Doc. 538] in opposition to the Defendant's motion, arguing that the Defendant forfeited the currency and that the remaining items have been destroyed. It states that a search warrant was executed at the Defendant's residence on May 11, 2008. Agents seized several cellular telephones, a wallet belonging to Gabriel Rojas, and $5,020 in drug proceeds, which were seized from the side pocket of a duffel bag located in a bedroom. The currency was converted to a cashier's check in the amount of $5,020 made payable to the United States Marshals Service. The Government states that the DEA initiated administrative forfeiture proceedings against the $5,020. It contends that on May 29, 2008, a Notice of Seizure for the $5,020 was mailed by United States First Class Mail, with certified return receipt, to the Defendant at the Blount County jail, where he was detained. The Government states that the DEA received a signed return receipt[3] on June 2, 2008. The Government argues that the Defendant had thirty days from the time he received the Notice to file a claim before the money was forfeited. The Defendant filed no such claim but, instead, filed the instant motion for the return of property over four years later. It states that Gabriel Rojas' wallet and all remaining items seized during the execution of the search warrant were destroyed after all appeals periods had expired and the case was closed. The Government asserts that the Defendant's motion is untimely and should be denied.

---

[3] The Government's supplemental response [Doc. 541] of January 15, 2013, makes clear that a corrections officer, not the Defendant, signed for the Notice on June 2, 2008.

Attached to the Government's response is a Declaration of Forfeiture [Doc. 538-1] by the DEA, which states that the $5,020 was seized by the DEA, that notice of the seizure was sent to all interested parties, that no claim was filed for the currency within thirty days of the final notice, and that the property is forfeited to the United States. The Declaration is dated August 18, 2008. Included with the Declaration is a computer printout entitled Status Inquiry Document, which states that a notice of the seizure of the $5,020 was mailed to Porfirio Rojas at the Blount County jail on May 29, 2008. Notices were also mailed to the Defendant on May 29, 2008, at two addresses on Asheville Highway, Knoxville, Tennessee; and another notice was published in the Wall Street Journal on June 16, 2008.

On January 7, 2013, the undersigned directed [Doc. 540] the Government to supplement its response with a copy of the signed return receipt for the Notice sent to the Defendant at the Blount County jail. The Government filed a supplemental response [Doc. 541] on January 15, 2013, attaching a copy of a U.S. Postal Service Certified Mail Receipt. The Receipt reflects that it was received by Martin Thomas at the Blount County Detention Center and bears a postal date stamp of June 2, 2008. The Government argues that the Defendant's motion should be denied pursuant to 18 U.S.C. § 983(a)(2)(B), because he was properly served with a notice of forfeiture and did not file a claim to the currency by July 3, 2008.

On February 28, 2013, the Court directed [Doc. 542] the Government to supplement its response with any evidence showing whether the Defendant received actual notice of the administrative forfeiture of the property seized from him. On April 4, 2013, the Government filed a second supplemental response [Doc. 547], arguing that it did not have to show that the Defendant received actual notice of the administrative forfeiture proceedings but, instead, must show that the manner of notifying the Defendant of the forfeiture was reasonably calculated to achieve actual notice. The Government argues that the DEA's use of the United

States Postal Service's certified mail system coupled with the mail distribution procedures in place at the Blount County jail, where the Defendant was incarcerated, were reasonably calculated to provide the Defendant with actual notice of the forfeiture.

Attached to the Government's second supplemental response are copies of the Notice of Seizure letters [Doc. 547-1-B] mailed to the Defendant at the Blount County jail and two addresses on Asheville Highway, on May 29, 2008. These Notices provide information on the forfeiture and instructions on how to contest the forfeiture. The July 3, 2008 deadline for filing a claim is printed in bold on the Notices. The Defendant's booking record [Doc. 547-2-C] is also attached and shows that he was detained in the Blount County jail from May 11, 2008, to April 24, 2009. Exhibit 1-G [Doc. 547-6] to the response is a copy of the Legal Notices section of the June 16, 2008 Wall Street Journal, showing that $5,020 was seized from Porfirio Rojas in Knoxville, Tennessee, on May 11, 2008, and that the last date to file a claim on this property is July 31, 2008.

Exhibit 1-H [Doc. 547-7-H] to the Government's response is the Affidavit of Blounty County Sheriff's Office Corrections Officer Martin I. Thomas, who states that on June 2, 2008, he was an Inmate Correspondence Officer at the Blount County Detention Center. Officer Thomas states that on that day, he received and signed for a piece of mail from the DEA and addressed to Porfirio Rojas at the jail. In accord with the jail's mail processing procedure, Officer Thomas created a log entry on the Defendant's Inmate Mail History log. Officer Thomas attached a copy of the log from that time period to his affidavit showing that Defendant Rojas received mail from the DEA at 12:14 p.m., on June 2, 2008. Officer Thomas states that afterwards, he or another officer hand delivered the certified mail to the Defendant within twenty-four hours of its receipt at the jail.

Finally, in preparing this Report and Recommendation, the undersigned has reviewed the Affidavit of Special DEA Agent Bethel R. Poston filed in support of the search warrant for the Defendant's residence and the search warrant return from that search. According to Special Agent Poston, drug traffickers use cellular telephones to conduct their operations and communicate with their criminal associates. Agent Poston states in the search warrant affidavit that law enforcement has intercepted telephone conversations in which Defendant Rojas discusses drug transactions and maintaining firearms at his residence to protect the drugs. The inventory from the search of the Defendant's residence reveals that law enforcement seized an unknown amount of currency from a bedroom and twelve cellular telephones (none specifically designated as a Motorola). The inventory does not show that the officers seized a gym bag or a wallet.

## II.  FACTUAL FINDINGS

Based upon the search warrant affidavit and return, the information in the record (to include the factual basis set out in the Defendant's Plea Agreement [Doc. 323]), and the exhibits submitted by the Government, the Court finds the following facts:

Defendant Porfirio Rojas communicated by telephone to participate in a conspiracy to distribute controlled substances. On May 11, 2008, the Defendant's residence at 6105 Asheville Highway was searched pursuant to a search warrant. The executing officers seized $5,020 in United States currency and twelve cellular telephones. The Defendant was arrested on that day and detained until April 24, 2009, in the Blount County Detention Center (Blount County jail).

On May 29, 2008, the DEA mailed a Notice of Seizure for the $5,020 to Defendant Rojas at the Blount County jail. The Notice stated that the Defendant had until July 3,

2008, to file a claim or the money would be forfeited. Blount County Sheriff's Corrections Officer Martin Thomas received the Notice at the Blount County jail on June 2, 2008, at 12:14 p.m., and signed a Certified Mail Receipt for it. Officer Thomas logged the receipt of the mail into the Defendant's Inmate Mail History log. The official procedures at the Blount County jail required Officer Thomas or another Corrections Officer to deliver the Notice to the Defendant within twenty-four hours of receiving it. Officer Thomas states in his sworn affidavit that either he or another officer hand delivered the Notice to the Defendant in compliance with that procedure.

The Defendant did not file a claim with the DEA for the $5,020 by the July 3, 2008 deadline or ever. On August 18, 2008, the DEA declared that the $5,020 was forfeited. The Defendant entered a guilty plea on October 28, 2009; he was subsequently sentenced; and his Judgment of conviction was entered on December 30, 2010. The Defendant's case was administratively closed on that day. Sometime after December 30, 2010, the cellular telephones seized from the Defendant's residence were destroyed.

### III. ANALYSIS

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" Savoy v. United States, 604 F.3d 929, 932 (6th Cir. 2010) (quoting United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he

or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, Federal Practice and Procedure § 690 (4th ed. 2010); see also Savoy, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by the preponderance of the evidence. Wright & Welling, supra, § 690. The Defendant requests the return of (1) $5,020 in United States currency, (2) a black Motorola cellular telephone, and (3) a wallet and a gym bag containing clothing. The Court will address each of these items in turn.

### A. $5,020 in United States Currency

The Court finds that the DEA seized $5,020 in United States currency from the Defendant's residence on May 11, 2008. The Defendant seeks the return of this currency. Despite having the burden to show that he is entitled to the property, see Savoy, 604 F.3d at 932, the Defendant has not provided any evidence, proffer, or even allegations that the $5,020 was not the proceeds of the criminal offense. To the contrary, the Defendant agreed in his Plea Agreement [Doc. 323] that he served as both a supplier and distributer of cocaine for the drug trafficking conspiracy. The Government argues that the $5,020 has been administratively forfeited to the DEA and that the Defendant was notified of the forfeiture proceedings by a Notice of Seizure sent via United States Mail, and with a certified receipt. The record establishes that the $5,020 was administratively forfeited to the DEA on August 18, 2008. The question before the undersigned is whether the forfeiture comported with the Due Process clause of the Fifth Amendment, which prohibits the United States from depriving any person of property without due process of law.

Section 983, entitled "General rules for civil forfeiture proceedings," states in pertinent part that "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute," the Government must send "written notice to interested parties . . . in a manner to achieve proper

notice as soon as practicable[.]" 18 U.S.C. § 983(a)(1)(A)(i). The statute goes on to set out the procedure for making a claim against property subject to civil forfeiture:

> (A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.
>
> (B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may not be earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

18 U.S.C. § 983(a)(2).

With regard to notice of forfeiture of property, "the Due Process Clause . . . requires only that the Government's effort [to notify a party of forfeiture proceedings] be 'reasonably calculated under all the circumstances'" to notify the defendant of the impending forfeiture. Dusenbery v. United States, 534 U.S. 161, 169 (2002) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 339 U.S. at 315. "The adequacy of notice is measured at the time the notice was sent." United States v. Latham, 54 F. App'x 441, 444 (6th Cir. 2002). Actual notice, however, is not required. Dusenbery, 534 U.S. at 171. Instead, the Government must show a reasonable attempt to provide actual notice. Id. at 170-71. In Dusenbery, the Supreme Court affirmed that notice sent via certified mail to the federal prison at which the defendant was incarcerated and which had procedures in place for logging prisoner mail and delivering it to prisoners was reasonably calculated to provide the Defendant with notice. Id. at 168-71. "Service by certified mail is a constitutionally adequate method of notice." Latham, 54 F. App'x at 445.

In the instant case, the Court finds that the procedures employed by the DEA and the Blount County jail were reasonably calculated to apprise the Defendant of the pendency of the

forfeiture action for the currency. The DEA sent a Notice of Seizure by certified mail to the Defendant at three addresses, including the Blount County jail, where he was incarcerated at the time. The Notice of Seizure was received at the jail on June 2, 2008, and Officer Thomas signed for it. Officer Thomas submitted a log entry showing the mail was received at 12:14 p.m. on June 2, 2008. The Notice was then hand delivered to the Defendant within twenty-four hours of the log entry. The Court finds that the Defendant received constitutionally adequate notice of the seizure of the $5,020 and the forfeiture proceeding.

Finally, the Court observes that the Defendant has been incarcerated at the same facility during the entire pendency of the instant motion and has been notified through the Court's Orders that whether he received notice of the forfeiture was at issue. [See Docs. 540 and 542] Moreover, the Government's filings [Docs. 538, 541, and 547] each bear a Certificate of Service stating that parties who are not on the Court's electronic filing system will be served by "regular U.S. mail" and listing the Defendant's address at the Adams County Correctional Institution in Washington, Mississippi. The Court interprets this to mean that the Government mailed a copy of each of its responses to the Defendant at his place of incarceration. Nevertheless, the Defendant's motion did not state why he is entitled to the $5,020, nor did he file a reply to any of the Government's briefs. Thus, although he has the burden to show that he is entitled to the $5,020, the Defendant has never even asserted, much less shown by a preponderance of the evidence, that the Notice of the forfeiture was not delivered to him at the Blount County jail or that he failed to receive notice of the forfeiture. The undersigned recommends that the Defendant's motion for the return of the $5,020 be denied.

## B. A Black Motorola Cellular Telephone

The Defendant asks the Court to order the Government to return his black Motorola cellular telephone, which he contends was seized at the time of his arrest. The Court finds that twelve cellular telephones were seized from the Defendant's residence during the execution of a search warrant on May 11, 2008. The search inventory does not describe any of these telephones as a Motorola. All twelve have now been destroyed by the Government. The Court finds that the Defendant's cellular telephone is forfeitable as an instrumentality of his crime of conspiracy to distribute controlled substances. Moreover, the Defendant was repeatedly advised by the undersigned that the Indictment contained forfeiture allegations, which state that, upon conviction, he would forfeit any property used to commit or facilitate the commission of the drug trafficking conspiracy. However, the Court has no evidence that the Government ever took the legal steps necessary to forfeit the cellular telephones seized from the Defendant. "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" Savoy, 604 F.3d at 932 (quoting Hess, 982 F.2d at 186)). The Government was permitted to retain the cellular telephones to use as evidence in the case and through any appeal but should have returned them to the Defendant at the end of the case.

The fact of the matter, however, is that the cellular telephones have been destroyed. While Rule 41(g) allows a criminal defendant to seek the return of property seized by federal agents,

> [Rule 41(g)] does not say what happens when the property in dispute, as here, has been lost or destroyed. Ordonez v. United States, 680 F.3d 1135, 1137–38 (9th Cir. 2012). Nor does it expressly authorize a defendant to sue the government for compensation in such circumstances. Id. at 1138, 1140 (holding that "Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity"). For this reason, at least nine circuits "have held that sovereign immunity bars an award of

11

> money damages against the government on a Rule 41(g) motion where the property cannot be returned." Id. at 1138 & n. 2 (collecting cases).

United States v. Droganes, 728 F.3d 580, 589 (6th Cir. 2013), cert. denied, 132 U.S. 2287 (2014).  In such cases, the appropriate way for the defendant to seek relief is to file a case under the Federal Tort Claims Act, 28 U.S.C. § 1346, in which Congress has authorized "a limited waiver of sovereign immunity for lost or destroyed property claims." Id. at 890.  Accordingly, the undersigned recommends that the Defendant's request for the return of a black Motorola cellphone be denied as moot, because, if it ever existed, it no longer exists and because other relief cannot be granted pursuant to Rule 41(g).

### C. A Wallet and a Gym Bag Containing Clothing

The Court finds no evidence that the DEA seized a wallet or gym bag containing clothing from the Defendant.  The Defendant bears the burden of showing that he is lawfully entitled to the requested property.  See Savoy, 604 F.3d at 932-33.  The Defendant has failed to carry that burden.  The Government denies that a wallet or a gym bag were seized from the Defendant, and the Defendant has offered no evidence or even a proffer to the contrary.  Moreover, the Court's own review of the record does not reveal that law enforcement seized a wallet or gym bag containing clothing from the Defendant.  Thus, the Court has no evidence that these items were seized from the Defendant.  Accordingly, the Court finds that the Defendant's request for the return of these items should be denied.

## IV. CONCLUSION

After carefully considering the motion, response, supplemental briefs, exhibits, other evidence in the case, and relevant legal authorities, the Court concludes

> (1) The Defendant is not entitled to the return of $5,020 in United States currency because it was properly forfeited to the DEA;
>
> (2) Although the Defendant would be entitled to the return of his cellular telephone, it has been destroyed and cannot be returned. Moreover, the Court cannot grant the Defendant other relief with regard to the cellular telephone in this criminal case; and
>
> (3) The Defendant is not entitled to the return of a wallet and a gym bag containing clothing because the Defendant has failed to show that the United States seized these items from him.

For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's *pro se* Motion for Return of Personal Property [**Doc. 537**] be **DENIED**.[8] The Defendant's counsel of record on his collateral attack of his sentence, Attorney James H. Varner, Jr., is **DIRECTED** to provide a copy of this Report and Recommendation to the Defendant and to advise him of the deadline for filing objections to this Report.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).