UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PORFIRIO ROJAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:08-CR-48 |
| v. | ) | 3:12-cv-139 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | (VARLAN / SHIRLEY) |
| Respondent. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Porfirio Rojas' *pro se* motion [Doc. 509] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 8, 2015, Chief United States District Judge Thomas A. Varlan referred [Doc. 555] the matter to the United States Magistrate Judge for (1) an evidentiary hearing "limited solely to the issue of whether counsel [Attorney Ursula Bailey] failed to file a requested appeal," (2) to appoint counsel to represent the Petitioner "solely as to this issue," and (3) to make a recommendation on a certificate of appealability as to this and all issues[1] raised in the Petitioner's section 2255 motion. Magistrate Judge C. Clifford Shirley, Jr., appointed [Doc. 556] Attorney James H. Varner, Jr., to represent the Petitioner and scheduled the evidentiary hearing for July 30, 2015. The parties appeared before the undersigned[2] on that date. Mr. Varner appeared along with

---

[1] In the June 8 Memorandum and Order, Judge Varlan denied all of the Petitioner's claims of ineffective assistance of counsel at his plea and sentencing proceedings, except for the issue of whether he timely asked Attorney Bailey to file a direct appeal. [Doc. 555, p. 16]

[2] Magistrate Judge H. Bruce Guyton presided over this hearing on behalf of Judge Shirley.

Petitioner Rojas, who participated with the aid of an interpreter. Assistant United States Attorney Tracy L. Stone represented the Government.

At the July 30 hearing, Mr. Varner informed the Court that he had consulted with Petitioner Rojas, who wanted to withdraw the remaining claim of ineffective assistance of counsel as well as "all aspects" of his section 2255 motion. Mr. Varner said that the Defendant is near the end of his sentence and intends to pursue another avenue of relief.[3] He stated that Petitioner Rojas wanted the section 2255 motion to be dismissed with prejudice and that the Petitioner understood that he would not be able raise the issues raised in his section 2255 motion again. The Court questioned the Petitioner, who stated that he understood his attorney's comments and agreed with them. AUSA Stone stated that the Government had nothing to add on the matter.

The Court finds that the Defendant has knowingly and voluntarily withdrawn all claims of ineffective assistance of counsel raised in his section 2255 motion, including his allegation that he instructed Attorney Bailey to file a direct appeal on his behalf. Accordingly, because the Defendant is no longer pursuing his section 2255 motion, the undersigned respectfully **RECOMMENDS** the District Judge accept Petitioner Rojas's withdrawal of his motion and dismiss the section 2255 motion [**Doc. 509**] with prejudice. The Court also **RECOMMENDS** that no certificate of appealability issue for this case because Petitioner Rojas is no longer pursuing his constitutional claims of the ineffective assistance of counsel. See 28 U.S.C. § 2253(c)(2) (providing that a "certificate of appealability may issue [in a section 2255

---

[3] Mr. Varner informed the Court that the Defendant planned to file a motion to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, also known as the "Drugs Minus Two Amendment," which reduces "by two levels the offense levels" assigned to § 2D1.1, and § 2D1.11. FCJ Federal Sentencing Guidelines Manual Amendment 782 (November 1, 2014). Mr. Varner stated his desire to represent the Defendant on this matter and said that he has already spoken with Federal Defender Elizabeth Ford. The undersigned will appoint Mr. Varner to represent Petitioner Rojas in this capacity by separate order.

proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right").  Because the Petitioner has knowingly and voluntarily withdrawn his section 2255 motion, the undersigned finds that any appeal of the dismissal of his motion would be frivolous and not taken in good faith.[4]

Respectfully submitted,

_____
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Crim. P. 59(b)(2) (as amended).  Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); see  United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order).  The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).